**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**QUINTINA CHENEAU**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 14-0384**

**BANK OF AMERICA NA, et al.**                          **SECTION: "G"(4)**

## ORDER

Before the Court is Defendant Crouch & Ramey, LLP's ("C&R") "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 57."[1] Having considered the motion, the memoranda, the record, and the applicable law, the Court will deny the motion without prejudice, allowing Cheneau ten days to amend her complaint. However, conclusory allegations unsupported by fact will not be sufficient. If Cheneau fails to amend, or sufficiently amend, her complaint within ten days, then C&R may renew its motion and further briefing may not be necessary.

## I. Background

On or about July 25, 2005, Cheneau and her husband Cornell Platt purchased a home located at 6 Lake Bernand Court, Harvey, Louisiana 70058, and entered into a $243,000.00 mortgage with Primary Residential Mortgage, Inc.[2] That mortgage was later assigned to Defendant Bank of America on November 1, 2011.[3] Cheneau asserts that "sometime prior to the assignment . . . Plaintiff allegedly defaulted on the loan."[4] Based on the default, on March 18, 2013, Bank of

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 5 at ¶ 7. A copy of the mortgage is found at Rec. Doc. 5 at pp. 22–36.

[3] *Id.* at ¶ 10. A copy of the assignment is found at Rec. Doc. 5 at p. 37.

[4] *Id.* at ¶ 11.

1

America initiated foreclosure proceedings in the 24th Judicial District Court for the Parish of Jefferson, Louisiana (the "state court") by filing a "Petition for Mortgage Foreclosure by Executory Process Without Appraisal,"[5] and on March 26, 2013, the state court issued a "Writ of Seizure and Sale."[6] On May 1, 2013, Cheneau filed a "Motion to Vacate Executory Order Without Appraisal for Mortgage Foreclosure Due to Lack of Subject Matter Jurisdiction,"[7] and on May 20, 2013, Cheneau filed a "Petition for Preliminary Injunction and Temporary Restraining Order," both with the state court.[8] In June 2013, Cheneau filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, and the foreclosure proceedings in Jefferson Parish were automatically stayed.[9] After the bankruptcy case was dismissed, the foreclosure proceedings resumed in November 2013.[10]

On February 20, 2014, Cheneau filed suit in the above-captioned matter, naming Bank of America as well as C&R, Bank of America's counsel in the state court proceedings, as Defendants.[11] In her amended complaint, filed on March 7, 2014, Cheneau generally asserts that Defendants did

---

[5] Rec. Doc. 5 at ¶ 13; Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[6] Rec. Doc. 5 at ¶ 13; Rec. Doc. 1-1 at p. 3, Writ of Seizure and Sale, Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[7] Rec. Doc. 6-3; *see also* Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[8] Rec. Doc. 6-4; *see also* Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[9] Rec. Doc. 28-1 at p. 2; Rec. Doc. 6-1 at p. 8.

[10] *Id.*; Rec. Doc. 6-1 at p. 8.; Rec. Doc. 38-1 Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[11] Rec. Doc. 1.

not follow the default procedures specified in the mortgage, and she brings five causes of action.[12]

First, she seeks a declaratory judgment finding

> . . . that Defendant BANA [Bank of America] and Defendant Crouch, did not provide Plaintiff with notice of default stating '**the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure as available under Applicable Law**,' (ii) that, consequently Defendant BANA and Defendant Crouch did not comply with Security Deed under Section 22 of the Non-Uniform Covenants and its clear and unambiguous language contained in the parties' contract; (iii) that Defendant BANA and Defendant Crouch's compliance with the Security Deed under Section 22 of the Non-Uniform Covenants were conditions precedent to Defendant BANA and Defendant Crouch's commencement of foreclosure proceedings; and (iv) that Defendant BANA and Defendant Crouch breached this obligation and prematurely commenced foreclosure proceedings against the Plaintiff.[13]

Second, Cheneau brings a claim for breach of contract, alleging that Defendants breached the mortgage agreement by failing to provide notice of default prior to initiating foreclosure proceedings.[14] Next, Cheneau asserts a claim for negligence, averring that Defendants "acted in bad faith, reflected by [their] arbitrary, reckless and intentional conduct evincing gross indifference or intentional disregard for the Plaintiff's interest by failing to advise Plaintiffs of 'the right to assert in the foreclosure proceeding the non-existence of a default or any other defenses of Borrower to acceleration and foreclosure as available under Applicable Law.'"[15] Fourth, Cheneau contends that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA") by "threaten[ing] to execute foreclosure by initiating and pursuing an executory process against the Plaintiff without

---

[12] Rec. Doc. 5.

[13] *Id.* at ¶ 28 (emphasis in original).

[14] *Id.* at ¶¶ 29–35.

[15] *Id.* at ¶ 38.

having met all the preconditions to acceleration and foreclosure" set forth in the mortgage.[16] Finally, Cheneau claims that Defendants have violated the Truth in Lending Act ("TILA") by failing "to identify the owner or assignee of Plaintiff's loan within 10 business days following receipt of Plaintiff's January 27, 2014 QWR [Qualified Written Request]."[17]

On March 18, 2014, C&R filed the pending "Motion to Dismiss for Failure to State a Claim."[18]  Cheneau filed a memorandum in opposition on April 30, 2014,[19] and C&R filed a reply memorandum on May 15, 2014.[20]

## II. Parties' Arguments

### A.    C&R's Arguments in Support

C&R contends that dismissal is appropriate because (1) C&R has at all relevant times acted as Bank of America's litigation counsel and, therefore, is not a property party to the litigation; (2) the Court should exercise its discretion to decline jurisdiction over claims previously pending in state court, and (3) Cheneau's claims are insufficient and rely on conclusory and contradictory factual allegations.[21]   First, C&R argues that it is not a proper party to this litigation because under Louisiana law, an attorney cannot be held liable for pursuing litigation or for actions taken during

---

[16] *Id.* at ¶ 50.

[17] *Id.* at ¶ 55.

[18] Rec. Doc. 6.

[19] Rec. Doc. 19.

[20] Rec. Doc. 27.

[21] Rec. Doc. 6-1 at p. 10.

the ordinary course of representation of a client in pursuit of a foreclosure action.[22] According to C&R, the actions upon which Cheneau's claims against C&R are based arise solely from the pursuit of the foreclosure action against Cheneau.[23]

Next, C&R contends that the Court should decline to exercise its discretionary jurisdiction over Cheneau's declaratory judgment action claim because it is duplicative of Cheneau's breach of contract claim.[24] C&R argues that each factor set forth by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo*[25] to guide a district court's decision whether to dismiss a declaratory judgment action is met in this case.[26]  Specifically, C&R avers that where, as here, the federal declaratory judgment raises only issues of state law, and a state case involving the same state law issues is pending, the court should exercise its discretion to dismiss the federal suit.[27]  C&R additionally argues that Cheneau filed her declaratory claim for the purpose of "procedural fencing" because:

> Plaintiff has never sought to remove the Original Lawsuit, and since the claims on which Plaintiff seeks a declaratory judgment are directly in controversy in the Original Lawsuit, Plaintiff has misused the declaratory judgment act in attempting to accomplish not only a backdoor removal to federal court, but also to shoehorn a state claim into federal jurisdiction.[28]

---

[22] *Id.* at p. 11 (citing *See Montalvo v. Sondes*, 93-2813, 637 So.2d 127, 130 (La. 1994); *Freeman v. Cooper*, 414 So.2d 355, 359 (La. 1989); *Countrywide Home Loans, Inc. v. Anderson*, No. 07-3353, 2009 WL 909565 at *4 (E.D.La, March 27, 2009)).

[23] *Id.* at p. 12.

[24] *Id.*

[25] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

[26] Rec. Doc. 6-1 at pp. 12–13.

[27] *Id.* at p. 14 (citing *Sherwin-William Co. v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003); *see also Canopius Ins. Inc. v. Arbor Experts, LLC*, 2013 WL 3367096 at *3 (S.D. Miss. 2013)).

[28] *Id.* at p. 15 (citing *Great American Ins. Co. v. Houston General Ins. Co.*, 735 F.Supp. 581 (S.D.N.Y. 1990); s*ee also Ohio Nat'l Life Assurance  Corp. v. Riley–Hagan,* 2008 WL 5158089 at *6 (S.D. Tex 2008)).

According to C&R, considerations of fairness and economy favor dismissal of the declaratory judgment claim because the Original Lawsuit is currently pending in the 24th Judicial District Court of Jefferson Parish, Louisiana, and to allow Cheneau to maintain this action would provide her with "two bites at the apple" by allowing her to litigate the same claims in state and federal court.[29]

Next, C&R argues that Cheneau's breach of contract claims are inapplicable to C&R because Cheneau has not and cannot allege that a valid and enforceable contract exists between Cheneau and C&R.[30] Even if she was able to assert a proper cause of action for breach of contract, C&R avers that her claim is precluded because foreclosure proceedings were initiated in state court by Bank of America and prior counsel in March 2013, but Cheneau failed to bring her breach of contract claim when she filed her Petition for Preliminary Injunction, alleging defenses to the foreclosure.[31] According to C&R:

> Plaintiff has neither sought to amend her Petition for Preliminary Injunction, nor did she file a separate suit and bring a compulsory reconventional demand regarding her now-asserted breach of contract claim. As Plaintiff failed to timely assert her compulsory reconventional demand in state court, she cannot now assert it here.

Also, according to C&R, Cheneau was provided with a Notice of Intent to Accelerate letter on January 2, 2009, which provided her with notice of default and "the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure as available under Applicable Law."[32]

C&R next avers that Cheneau's negligence claim against C&R is precluded by Louisiana

---

[29] *Id.* at p. 16.

[30] *Id.* at p. 17.

[31] *Id.* at pp. 17–18 (citing LA. CODE CIV. P. ART. 1061 (B); *Hy-Octane Investments, Ltd. v. G&B Oil Products, Inc.*, 97-28, 702 So.2d 1057 (3d. Cir. 1997)).

[32] *Id.* at p. 19 (citing Rec. Doc. 5 at p. 9).

law because "an attorney owes no duty to his client's adversary when acting on his client's behalf."[33] C&R contends that any action alleged by Cheneau to constitute an intentional tort was undertaken in its representation of Bank of America against claims Plaintiff has raised in the Original Lawsuit.[34] According to C&R, Cheneau has failed to allege facts showing specific malice or an intent to harm, and "[i]n fact, C&R was not even [Bank of America's] counsel at the time the foreclosure action was initiated against Plaintiff."[35]

Finally, C&R contends that Cheneau's Fair Debt Collection Protection Act ("FDCPA") claims fail as a matter of law because she failed to plead fact supporting the required elements of an FDCPA claim. C&R argues that Cheneau concludes, without any factual support, that C&R is a debt collector.[36] Furthermore, according to C&R, "each of Plaintiff's claims against C&R stems from C&R's alleged foreclosure actions taken on behalf of BANA. However, the very documents relied upon by Plaintiff show C&R did not act as foreclosure counsel for BANA or send any foreclosure notices."[37] Even if C&R handled Cheneau's foreclosure, it argues, the FDCPA does not impose any obligation or liability against a law firm representing a lender in a foreclosure contest.[38]

## B.   *Cheneau's Arguments in Opposition*

Cheneau first contends that "Louisiana law does not permit her to raise a breach of contract claim during the executory process because to do so would have been an 'improper cumulation of

---

[33] *Id.* at p. 20 (citing *Penalber v. Blount*, 550 So.2d 577, 581 (La. 1989)).

[34] *Id.*

[35] *Id.* at pp. 20–21. (citing *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 130)).

[36] *Id.* at p. 22.

[37] *Id.*

[38] *Id.* (citing 15 U.S.C. § 1692a(6); *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006)).

actions.'"[39] Next, Cheneau argues that her complaint alleges that Bank of America and C&R were contractually required, before initiating and commencing foreclosure proceedings, to provide Cheneau with a notice of default.[40] According to Cheneau, Bank of America failed to do so, and exercised the power of sale, through C&R.[41] With respect to her negligence claims, Cheneau argues that Bank of America and C&R were required by "section 22 of the Non-Uniform Covenants of the Security Deed contract to provide her with a notice of default" prior to commencing foreclosure proceedings.[42]

Cheneau next argues that, with respect to her claim against Bank of America under the Truth in Lending Act ("TILA"), "Plaintiff requested the identity of the owner of her loan in writing on January 27, 2014, and that, to date, BANA has not provided her with the true identity of the owner of her loan."[43] Additionally, Cheneau states that "BANA claims that it is a creditor under Plaintiff's mortgage loan. Thus, Plaintiff s [sic] has alleged enough facts to support their claim that BANA violated Section 1641(f) of TILA, and such claim would not be futile."[44]

Turning to her FDCPA claims, Cheneau argues that "BANA and C&R violated the FDCPA by threatening legal action regarding the Note and Security Deed, without having met all the preconditions to acceleration and foreclosure as required in section 22, under [the] Non-Uniform

---

[39] Rec. Doc. 19 at p. 4 (citing *Avery v. CitiMortgage, Inc.*, 15 So.3d 240, 244 (La. Ct. App. 1 Cir. 2009)).

[40] *Id.* at p. 5.

[41] *Id.* at p. 6.

[42] *Id.* at p. 8.

[43] *Id.* at pp. 8–9 (emphasis omitted).

[44] *Id.* at p. 9.

Covenants of Plaintiffs' Security Deed."[45] Cheneau additionally contends that Bank of America and C&R threatened to take legal action that cannot legally be taken, in violation of 15 U.S.C. § 1692(e)(5).[46] Next, Cheneau avers that Bank of America became her creditor via assignment of the Note and Security Deed after she allegedly defaulted, and that "[b]ecause BANA obtained the debt after the alleged default, Plaintiff can establish that BANA and incidentally [C&R], are debt collectors that attempted to collect a debt."[47]

Cheneau next argues that it is well established that attorneys who regularly engage in debt collection activities on behalf of their clients are "debt collectors" subject to the requirements of the FDCPA.[48] Cheneau avers that C&R "was put on notice at the initiation of this Complaint that Plaintiff did not receive the required notice of default . . . prior to commencing foreclosure proceedings and before threatening a foreclosure sale of Plaintiff's home"[49] Cheneau argues that C&R failed to ensure that all prerequisites to pursuing foreclosure had been met before initiating an executory process against her home.[50]

With respect to her claim for declaratory relief, Cheneau contends that "[t]here can be no question that Plaintiff has alleged facts sufficient to demonstrate real and immediate threat of continuing harm from BANA and [C&R]'s misconduct in the future. Additionally, the Plaintiff is

---

[45] *Id.* at pp. 9–10.

[46] *Id.* at p. 10.

[47] *Id.* at p. 12.

[48] *Id.* (citing *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)).

[49] *Id.* at p. 13.

[50] *Id.* at p. 14.

in doubt and uncertain as to her rights and relations under the alleged mortgage loan contract."[51]

Finally, Cheneau contends that this Court has federal question jurisdiction over her complaint because she raises both FDCPA and TILA claims.[52] Accordingly, according to Cheneau, "contrary to Defendant [C&R]'s assertion, this is the proper Court to address Plaintiff's Complaint."[53]

### C.     C&R's Arguments in Further Support

In further support of its Motion to Dismiss, C&R argues first that with the exception of Cheneau's TILA claim, each of her claims is based on the argument that C&R did not provide the required notice prior to foreclosure.[54] According to C&R, the documents referenced and relied upon by Cheneau in her original and first amended complaints show that Bank of America, through prior counsel, provided the exact notice required by section 22 of Cheneau's mortgage.[55] As a result, according to C&R, Cheneau has no facts on which to base her breach of contract, negligence, FDCPA, or declaratory judgment claims.[56]

C&R reavers that it is an improper party to this litigation because it did not initiate foreclosure proceedings against Cheneau.[57] Consequently, according to C&R, each of Cheneau's claims against C&R fail because they are solely based upon actions taken by another party – the Law

---

[51] *Id.* at p. 16 (citing Rec. Doc. 5 at p. 8).

[52] *Id.* at p. 17.

[53] *Id.*

[54] Rec. Doc. 27 at p. 1.

[55] *Id.*

[56] *Id.* at p. 2.

[57] *Id.*

Offices of Herschel C. Adcock, Jr., Bank of America's prior counsel – prior to and during the foreclosure process.[58] C&R also argues that Cheneau has failed to allege a contract with C&R, and alleges only that Bank of America exercised the power of sale through C&R.[59] Such an allegation, C&R argues, does not suffice to create a right of action in contract against C&R.[60] Finally, C&R contends that Cheneau has failed to allege facts that support its allegation that C&R is a debt collector.[61] C&R argues that under Louisiana law, when a plaintiff/borrower is seeking to assert a claim against a law firm for actions taken during the course of representation of their client, they must allege more than that the firm was exercising its client's right to enforce a mortgage through judicial process.[62] Without any allegation regarding how C&R is a debt collector within the meaning of the FDCPA, C&R argues, Cheneau has not stated a claim against C&R for violations of the FDCPA.[63]

### III. Law and Analysis

#### A.    Standard on a Motion to Dismiss

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."[64] "To survive a motion to dismiss, a complaint

---

[58] *Id.*

[59] *Id.*

[60] *Id.* (citing *Ron Bianchi & Assoc., Inc. v. Ford Motor Co.*, 1989 WL 13562 at *10 (E.D. La., February 9, 1989) (citing *Pedalino v. Pitre*, 431 So.2d 20 (La. App.—1st Cir. 1983)).

[61] *Id.* at p. 3.

[62] *Id.* (citing *Countrywide Home Loans, Inc. v. Anderson*, 2009 WL 909565 at *4 (E.D. La. March 27, 2009)).

[63] *Id.* (citing *Riley v. Wells Fargo Bank, N.A.*, 2014 WL 129397 at *5 (S.D. Tex. Jan 8, 2014); *see also*, *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)).

[64] Fed. R. Civ. P. 12(b)(6).

must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[65] "Factual allegations must be enough to raise a right to relief above the speculative level,"[66] and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[67]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[68]  However, although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.[69]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[70]  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[71]  The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[72] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[73] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted

---

[65] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[66] *Twombly*, 550 U.S. at 556.

[67] *Id.* at 570.

[68] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[69] *Iqbal*, 556 U.S. 662, 677-78.

[70] *Id.* at 679.

[71] *Id.* at 678.

[72] *Id.*

[73] *Id.*

claims.[74] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[75]

## B.   Standard Applicable to Pro Se Filings

In addition to the applicable standard on a motion to dismiss, the Court is also cognizant that Cheneau is proceeding *pro se*, and is therefore entitled to certain limited considerations. *Pro se* plaintiffs often lack the legal training helpful in interpreting and applying the substantive and procedural requirements of the legal system. Therefore, the Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction."[76] "This does not mean, however, that a court 'will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing.'"[77] Moreover, "[e]ven under the rule of liberal construction, 'mere conclusory allegations on a critical issue are insufficient.'"[78] *Pro se* plaintiffs are otherwise required to know their legal rights and abide by all applicable procedural rules,[79] and a *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve her of this duty.[80]

---

[74] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[75] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[76] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

[77] *Jackson v. State Farm Fire & Cas. Co.*, No. 06-7202, 2010 WL 724108, *2 (E.D. La. Feb. 22, 2010) (Vance, C.J.) (quoting *Jones v. Alfred*, 353 F. App'x 949 (5th Cir. 2009)).

[78] *Smart v. U.S. Dept. of Veteran Affairs*, 759 F.Supp. 28 867, 870 (W.D. Tex. 2010) (quoting *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

[79] *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006) (citing *Boswell v. Gov. of Texas*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000)).

[80] *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

### C.      *Analysis*

Cheneau has raised claims against C&R for actions taken during the course of its continued

representation of Bank of America.  Under Louisiana law, an attorney owes no duty to his client's

adversary when acting on his client's behalf.[81] "Attorneys must be free to represent their clients

without constant fear of actions based in statements made in zealous prosecution or defense of the

action."[82] According to the Louisiana Supreme Court:

> Louisiana subscribes to the traditional, majority view that an attorney does not owe
> a legal duty to his client's adversary when acting in his client's behalf. A non-client,
> therefore, cannot hold his adversary's attorney personally liable for either
> malpractice or negligent breach of a professional obligation. The intent of this rule
> is not to reduce an attorney's responsibility for his or her work, but rather to prevent
> a chilling effect on the adversarial practice of law and to prevent a division of loyalty
> owed to a client.[83]

Furthermore, identifying an intentional tort in the context of the actions of the adversary's attorney

requires that "the petition allege facts showing specific malice or intent to harm on the part of the

attorney in persuading his client to initiate and continue the suit."*[84]*

Cheneau is seeking to assert a claim against  C&R for actions taken during the course of its

representation of Bank of America. However,  Cheneau has not "allege[d] facts showing specific

malice or intent to harm on the part of the attorney[s] in persuading [their] client to initiate and

continue the suit."[85] Moreover, Cheneau has failed to allege that she is party to a contract with C&R

or that C&R is a debt collector within the meaning of the FDCPA. Therefore, Cheneau's claims

---

[81] *Penalber v. Blount*, 550 So.2d 577 (La.1989).

[82] *Freeman v. Cooper*, 414 So.2d 355, 359 (La.1982).

[83] *Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994).

[84] *Id.*

[85] *Id.*

against C&R fail as a matter of law.

The Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[86] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend her complaint pursuant to Rule 12(e).[87] Considering that Cheneau is proceeding *pro se*, the Court will allow her leave to amend her complaint to plead facts sufficient to allow the Court to "draw a reasonable inference that the defendant is liable for the

---

[86] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[87] *See Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

misconduct alleged."[88]   Accordingly, the Court need not reach the applicability of the *Trejo* factors to Plaintiff's claim for declaratory judgment at this time.[89]

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that C&R's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 57"[90] is **DENIED.**

**IT IS FURTHER ORDERED** that Cheneau amend her complaint no later than ten days of this written order.  If Cheneau fails to do so, or if she fails to provide sufficient factual support for her allegations, then C&R may renew its motion and further briefing may not be necessary.

**NEW ORLEANS, LOUISIANA**, this ___23rd___ day of December, 2014.

                **NANNETTE JOLIVETTE BROWN**
                **UNITED STATES DISTRICT JUDGE**

---

[88] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[89] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

[90] Rec. Doc. 6.