**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **QUINTINA CHENEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0384** |
| **BANK OF AMERICA NA, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

In this litigation, Plaintiff Quintina Cheneau ("Plaintiff" or "Cheneau") brings various federal and state-law claims arising out of Defendants Bank of America, N.A.'s ("Bank of America") and Crouch & Ramey, LLP's ("Crouch & Ramey")[1] handling of Plaintiff's mortgage and their initiation of foreclosure proceedings in Louisiana state court. Before the Court is Cheneau's "Motion for Preliminary Injunction,"[2] wherein she requests a preliminary injunction prohibiting Defendants "from pursuing a foreclosure of Plaintiff's home via executory process."[3] Having considered the pending motion, the memorandum in support, the memoranda in opposition, the record, the representations of the parties at the January 26, 2015 hearing on the motion, and the applicable law, the Court will deny the pending motion. This Order serves as the Court's findings of fact and conclusions of law.

## I. Background

### A.    Factual Background

On or about July 25, 2005, Cheneau and her husband Cornell Platt purchased a home located at 6 Lake Bernand Court, Harvey, Louisiana 70058, and entered into a $243,000.00 mortgage with

---

[1] Crouch & Ramey, LLP was incorrectly identified as "Crouch & Raymer" in Plaintiff's amended complaint.

[2] Rec. Doc. 28.

[3] *Id.*

Primary Residential Mortgage, Inc.[4] That mortgage was later assigned to Defendant Bank of America on November 1, 2011.[5] Plaintiff asserts that "sometime prior to the assignment . . . Plaintiff allegedly defaulted on the loan."[6] Based on the default, on March 18, 2013, Bank of America initiated foreclosure proceedings in the 24th Judicial District Court for the Parish of Jefferson, Louisiana (the "state court") by filing a "Petition for Mortgage Foreclosure by Executory Process Without Appraisal,"[7] and on March 26, 2013, the state court issued a "Writ of Seizure and Sale."[8] On May 1, 2013, Cheneau filed a "Motion to Vacate Executory Order Without Appraisal for Mortgage Foreclosure for Due to Lack of Subject Matter Jurisdiction,"[9] and on May 20, 2013, Cheneau filed a "Petition for Preliminary Injunction and Temporary Restraining Order," both with the state court.[10]

In June 2013, Cheneau filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, and the foreclosure proceedings in Jefferson Parish were automatically stayed.[11] After the bankruptcy case was dismissed, the foreclosure proceedings resumed in

---

[4] Rec. Doc. 5 at ¶ 7. A copy of the mortgage is found at Rec. Doc. 5 at pp. 22–36.

[5] *Id.* at ¶ 10. A copy of the assignment is found at Rec. Doc. 5 at p. 37.

[6] *Id.* at ¶ 11.

[7] Rec. Doc. 5 at ¶ 13; Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[8] Rec. Doc. 5 at ¶ 13; Rec. Doc. 1-1 at p. 3, Writ of Seizure and Sale, Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[9] Rec. Doc. 6-3; *see also* Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[10] Rec. Doc. 6-4; *see also* Rec. Doc. 38-1, Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[11] Rec. Doc. 28-1 at p. 2; Rec. Doc. 6-1 at p. 8.

November 2013.[12]  At the January 26, 2015 hearing, counsel for Bank of America informed the Court that a hearing on Cheneau's request for a preliminary injunction  in the 24th Judicial District Court for the Parish of Jefferson, Louisiana was held on January 23, 2015, and that judgment was entered for Bank of America.[13]

On February 20, 2014, Cheneau, proceeding *pro se*, filed this claim in federal district court, naming Bank of America as well as Crouch & Ramey, Bank of America's counsel in the state court proceedings, as Defendants.[14] In her amended complaint, filed on March 7, 2014, Cheneau generally asserts that Defendants did not follow the default procedures specified in the mortgage, and she brings five causes of action.[15] First, she seeks a declaratory judgment finding:

> . . . that Defendant BANA [Bank of America] and Defendant Crouch, did not provide Plaintiff with notice of default stating '**the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure as available under Applicable Law**,' (ii) that, consequently Defendant BANA and Defendant Crouch did not comply with Security Deed under Section 22 of the Non-Uniform Covenants and its clear and unambiguous language contained in the parties' contract; (iii) that Defendant BANA and Defendant Crouch's compliance with the Security Deed under Section 22 of the Non-Uniform Covenants were conditions precedent to Defendant BANA and Defendant Crouch's commencement of foreclosure proceedings; and (iv) that Defendant BANA and Defendant Crouch breached this obligation and prematurely commenced foreclosure proceedings against the Plaintiff.[16]

Second, Cheneau brings a claim for breach of contract, alleging that Defendants breached the

---

[12] Rec. Doc. 28-1 at p. 2; Rec. Doc. 6-1 at p. 8.; Rec. Doc. 38-1 Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

[13] *See* Docket of Case No. 724924, 24th Judicial District Court for the Parish of Jefferson, Louisiana. Counsel for Bank of America additionally represented that Cheneau failed to appear for the January 23, 2015 state court proceeding.

[14] Rec. Doc. 1.

[15] Rec. Doc. 5.

[16] *Id.* at ¶ 28 (emphasis in original).

3

mortgage agreement by failing to provide notice of default prior to initiating foreclosure proceedings.[17] Next, Cheneau asserts a claim for negligence, averring that Defendants "acted in bad faith, reflected by [their] arbitrary, reckless and intentional conduct evincing gross indifference or intentional disregard for the Plaintiff's interest by failing to advise Plaintiffs of 'the right to assert in the foreclosure proceeding the non-existence of a default or any other defenses of Borrower to acceleration and foreclosure as available under Applicable Law.'"[18] Fourth, Cheneau contends that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA") by "threaten[ing] to execute  foreclosure by initiating and pursuing an executory process against the Plaintiff without having met all the preconditions to acceleration and foreclosure" set forth in the mortgage.[19] Finally, Cheneau claims that Defendants have violated the Truth in Lending Act ("TILA") by failing "to identify the owner or assignee of Plaintiff's loan within 10 business days following receipt of Plaintiff's January 27, 2014 QWR [Qualified Written Request]."[20]

**B.    Procedural Background**

On June 13, 2014, Cheneau filed the pending "Motion for Preliminary Injunction," wherein she requests a preliminary injunction prohibiting Defendants "from pursuing a foreclosure of Plaintiff's home via executory process."[21] The Court scheduled a status conference for June 19, 2014 to discuss the briefing schedule for the "Motion for Preliminary Injunction," but the status

---

[17] *Id.* at ¶¶ 29–35.

[18] *Id.* at ¶ 38.

[19] *Id.* at ¶  50.

[20] *Id.* at ¶ 55.

[21] *Id.*

4

conference was not held after Cheneau failed to appear.[22] On June 19, 2014, the Court entered an order setting a hearing on the "Motion for Preliminary Injunction" for July 23, 2014.[23] In the order, the Court specified that Cheneau "must file into the record any supporting affidavits and exhibits, as well as a list of any witnesses who will testify at the hearing by July 2, 2014," and that Defendants must file rebuttal evidence July 9, 2014.[24] On June 30, 2014, upon an unopposed motion from Bank of America, the Court continued the hearing date to August 20, 2014.[25] In light of this continuance, on July 29, 2014, the Court extended the deadline for Cheneau to file any supporting affidavits, exhibits, and witness list to August 6, 2014 and the deadline for Defendants to file rebuttal evidence to August 15, 2014.[26]

Cheneau never filed any affidavits, exhibits, or a witness list. On July 9, 2014, Bank of America filed a memorandum in opposition to the "Motion for Preliminary Injunction,"[27] and on July 11, 2014, Crouch & Ramey filed its own memorandum in opposition, which tracks Bank of America's arguments almost verbatim.[28] Additionally, both defendants filed notices stating that they are "not submitting any rebuttal affidavits, exhibits, or witness lists at this time" but "reserve[] the right to do so should the Plaintiff submit any affidavits, exhibits or witness lists prior to the August

---

[22] Rec. Doc. 32.

[23] Rec. Doc. 33.

[24] *Id.*

[25] Rec. Doc. 37.

[26] Rec. Doc. 42.

[27] Rec. Doc. 38.

[28] Rec. Doc. 40.

20, 2014 hearing."[29]

     On August 18, 2014, Cheneau filed a motion to continue the hearing on her "Motion for Preliminary Injunction."[30] The Court granted the motion and reset the hearing for September 26, 2014.[31] On September 12, 2014, Bank of America moved to continue the hearing.[32] The Court granted the motion and reset the hearing for November 14, 2014.[33] Cheneau filed another "Motion for Continuance" on October 27, 2014.[34] The Court continued the hearing until January 26, 2015.[35] On January 6, 2015, the Court granted Crouch & Ramey's "Motion to Dismiss for Failure to State a Claim," and accordingly dismissed Cheneau's claims against Crouch & Ramey.[36] On January 22, 2015, Cheneau requested leave to amend her complaint to add allegations against Crouch & Ramey.[37] The Court denied her request as dilatory and futile on January 23, 2015.[38]

     On January 23, 2015, Bank of America requested a fifth continuance of the preliminary injunction hearing.[39] The Court denied the motion, finding that Bank of American failed to articulate

---

[29] Rec. Doc. 39; Rec. Doc. 41; Rec. Doc. 43.

[30] Rec. Doc. 44.

[31] Rec. Doc. 45.

[32] Rec. Doc. 46.

[33] Rec. Doc. 47.

[34] Rec. Doc. 48.

[35] Rec. Doc. 49.

[36] Rec. Docs. 52, 55.

[37] Rec. Doc. 56.

[38] Rec. Doc. 58.

[39] Rec. Doc. 57.

good cause to continue the preliminary injunction hearing for a fifth time.[40] However, in its Order, the Court stated that if the parties wanted to have the case administratively closed, the Court would do so and would simultaneously dismiss all pending motions without prejudice for six months.[41] The parties were instructed to notify the Court via email prior to the hearing on January 26, 2015 at 9:00 a.m. if they wished to have the Court administratively close the case. The parties did not request an administrative stay at that time, and a hearing on Cheneau's motion for a preliminary injunction was held on January 26, 2015 with all parties present.[42] Cheneau requested another continuance orally at the beginning of the hearing; however, for the reasons stated on the record, the motion to continue was denied.

## II. Parties' Arguments

### A.     Plaintiff's Arguments in Support

In her "Motion for Preliminary Injunction," Cheneau requests a "preliminary injunction preventing defendants . . . from continuing to foreclosure upon Plaintiff's home via executor process until this case is resolved."[43] Citing the Fifth Circuit's decision in *Canal Authority of the State of Florida v. Callaway*,[44] Cheneau contends that:

> . . . the proper factors to consider when determining whether to issue a preliminary injunction are whether:
>
> (a)     there exists a substantial likelihood that the mover will prevail on the merits;
> (b)     there exists a substantial threat of irreparable harm if the injunction is not

---

[40] Rec. Doc. 59.

[41] *Id.*

[42] Rec. Doc. 61.

[43] Rec. Doc. 28-1 at p. 1.

[44] 489 F.2d 567 (5th Cir. 1974).

(c)      the threatened injury to the mover outweighs the threatened harm to the non-mover; and

(d)      the grant will not disserve the public interest.[45]

According to Cheneau, these four factors "weigh in favor" of granting her request for a preliminary injunction.[46] With respect to the first factor, Cheneau analyzes the likelihood of success on each of her five causes of action. Addressing her request for declaratory judgment, Cheneau cites the notice of default provisions contained in the mortgage, and asserts that "[t]here can be no question that Plaintiff has alleged facts sufficient to demonstrate real and immediate threat of continuing harm from BANA and Crouch's misconduct in the future."[47] Further, quoting her complaint, Cheneau avers that "Plaintiff is in doubt and uncertain as to her rights and relations under the alleged mortgage loan contract."[48] "Thus," Cheneau concludes, "declaratory relief 'is appropriate when judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"[49]

With respect to her breach of contract claim, Cheneau argues that pursuant to the mortgage, Defendants "were contractually required, before initiating and commencing foreclosure proceedings, to provide Plaintiffs, with a notice of default stating 'a date, not less than 30 days from the date

---

[45] Rec. Doc. 28-1 at p. 3 (citing *Canal Auth.*, 489 F.2d at 572).

[46] *Id.* at p. 4.

[47] *Id.* at p. 15.

[48] *Id.* (emphasis in original).

[49] *Id.* (quoting *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)).

8

notice is given to Borrower, by which the default must be cured.'"[50] According to Cheneau, Defendants breached this obligation by failing to provide a notice of default.[51] Turning to her negligence claim, Cheneau reiterates that the mortgage set forth specific requirements for a notice of default; Cheneau contends that due to Defendant's threatening foreclosure without complying with these requirements, Cheneau "has suffered a stroke, emotional distress, mental anguish, inconvenience and anxiety," as well as negative entries on her credit report.[52]

Addressing her FDCPA claims, Cheneau first asserts that Crouch & Ramey is a "debt collector" within the meaning of the law. According to Cheneau, "[w]hile Defendant Crouch tries to absolve itself of liability for its violation of the FDCPA claiming it is simply a law firm pursuing foreclosure on behalf of its client. [sic] It is now well established that attorneys who regularly engage in debt collection activities on behalf on their clients are 'debt collectors' subject to the requirements of the FDCPA."[53] Cheneau avers that Defendants violated the FDCPA by initiating foreclosure proceedings without meeting the notice of default requirements set forth in the mortgage.[54] Finally, with respect to her TILA claim, Cheneau argues Bank of America violated TILA by failing to disclose the identity of the owner of Cheneau's mortgage after receiving a written request from Cheneau on January 27, 2014.[55]

Cheneau then turns to the remaining three factors outlined in *Canal Authority of the State*

---

[50] *Id.* at p. 5.

[51] *Id.*

[52] *Id.* at p. 7.

[53] *Id.* at p. 11 (citing, *e.g.*, *Heintz v. Jenkins*, 514 U.S. 291 (1995)).

[54] *Id.* at p. 13.

[55] *Id.* at p. 8.

*of Florida v. Callaway*.  Plaintiff avers that the loss of her home qualifies as an irreparable injury, and further that "Plaintiff has already suffered a stroke due to the stress and strain she has experienced resulting from Defendants' wrongful and illegal behavior."[56] With respect to the third prong—whether the threatened injury to the mover outweighs the threatened harm to the non-mover—Cheneau argues that "Defendants will suffer no undue hardship by a preliminary injunction because Defendants have no right to continue to engage in unlawful and illegal foreclosure practices."[57] Finally, Cheneau asserts that granting an injunction will serve the public interest because "[t]he public interest still favors keeping families in their homes until they have been heard on the merits."[58]

## B.    Bank of America's Arguments in Opposition

In opposition, Bank of America argues that "[t]his Court should deny Plaintiff's request for injunctive relief because it violates the Anti-Injunction Act."[59] Quoting 28 U.S.C. § 2283, Bank of America  states that pursuant to the Anti-Injunction Act, "[a] court of the United States <u>may not</u> grant an injunction to stay proceedings in a State court <u>except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments</u>."[60]

According to Bank of America, none of the three exceptions mentioned in the Anti-Injunction Act apply in this case. First, Bank of America asserts that "Plaintiff has not alleged (and

---

[56] *Id.* at p. 16.

[57] *Id.* at pp. 16–17.

[58] *Id.* at p. 18 (quoting *Horton v. Cal. Credit Corp. Ret. Plan*, No. 09-cv-274, 2009 WL 700223 (S.D. Cal. Mar. 16, 2009)) (internal quotation marks omitted).

[59] Rec. Doc. 38 at p. 2.

[60] *Id.* (quoting 28 U.S.C. § 2283) (emphasis in original).

BANA is unaware of) any express, congressional authorization for injunctions under the instant circumstances—no such authorization exists."[61] Bank of America points to *Allen v. LLP*, which was decided in 2013 by another section of this district court.[62] According to Bank of America, "[i]n *Allen*, the plaintiff sought an injunction from this Court to stop a foreclosure proceeding in Orleans Parish district court. In denying the request, this Court found no grounds to issue an injunction under the Act's first exception."[63]

Next, Bank of America argues that "Plaintiff's request for an injunction is not necessary in aid of this Court's jurisdiction."[64] According to Bank of America, "[i]n defining the 'aid in jurisdiction' exception, the Fifth Circuit Court of Appeals has identified a threat to federal court jurisdiction in only two circumstances: (i) 'where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction,' or (ii) 'where the state proceeding threatens the continuing superintendence by a federal court, such as in a segregation case.'"[65] Bank of America avers that "[t]his case is before this Court due to the federal nature of Plaintiff's claims attacking the state foreclosure, and does not turn on a question of *in rem* jurisdiction."[66] Further, it states that "there is no continuing monitoring action present here."[67]

With respect to the third exception, Bank of America contends that "Plaintiff's request for

---

[61] *Id.* at p. 4.

[62] *Allen v. LPP*, No. 13-6332, 2013 WL 6174680 (E.D. La. Nov. 21, 2013) (Zainey, J.).

[63] Rec. Doc. 38 at p. 4.

[64] *id.*

[65] *Id.* at p. 5 (quoting *Tex. v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988)).

[66] *Id.*

[67] *Id.*

an injunction is not necessary to protect or effectuate this Court's judgment."[68] According to Bank of America, this exception "applies only where there has been a 'final' judgment" in the federal proceeding, which is not the case here.[69]

### III. Law and Analysis

Cheneau is correct that, generally, a party requesting a preliminary injunction must "clearly show" four elements:  (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[70] However, Cheneau requests an injunction of a state court foreclosure proceeding.  Under such circumstances, a federal district court must first determine whether the Anti-Injunction Act prohibits it from granting an injunction before it may apply the four-factor test stated above.

The Fifth Circuit's analysis in *United States v. Billingsley* is instructive on this issue.[71] In that case, the United States Department of Justice brought suit in federal court against a subdivision's zoning and covenants compliance authority (the "Committee"), asserting that the Committee violated the Fair Housing Act by failing to allow a resident with a disability to maintain a footbridge in front of her home and seeking an injunction preventing the Committee from removing the

---

[68] *Id.*

[69] *Id.* at p. 6 (citing *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 179 (5th Cir. 1996)).  The Court notes that at the January 26, 2015 hearing, counsel for Bank of America advised the Court that on Friday, January 23, 2015, the state court entered a judgment for Bank of America on Cheneau's motion for a preliminary injunction that was pending before that court.

[70] *See Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)*; Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[71] *United States v. Billingsley*, 615 F.3d 404, 411 (5th Cir. 2010).

footbridge.[72] At the same time, the resident and the Committee were engaged in litigation in state court, which issued a judgment requiring removal of the footbridge.  Notwithstanding the state court judgment, the federal district court applied the four-factor test stated above and granted the Department of Justice's preliminary injunction.  On appeal, the Fifth Circuit vacated the district court's order granting the preliminary injunction, holding that the Anti-Injunction Act prevented the federal district court from issuing an injunction that would invalidate the enforcement of a state court judgment, and that the limited exceptions to the Act were inapplicable under the facts of that case.[73] Other courts in this district have similarly applied the four-part test for issuance of a preliminary injunction only after determining that issuance of an injunction was not prohibited by the Anti-Injunction Act.[74] Accordingly, before applying the four-part test for a preliminary injunction, the Court must first determine whether the Anti-Injunction Act bars Cheneau's pending motion for a preliminary injunction.[75]

Codified at 28 U.S.C. § 2283, the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." As the Fifth Circuit observed in *Health Net, Inc. v. Wooley*, "[t]he Anti-Injunction Act

---

[72] *Id.*

[73] *Id.*

[74] *See, e.g., Roberts v. Am. Bank & Trust Co., Inc.*, 835 F.Supp.2d 183, 203 (E.D. La. 2011) (Fallon, J.) (citations omitted) (assessing the merits of a plaintiff's motion for a preliminary injunction only after determining that the plaintiff's claims under 42 U.S.C. § 1983 fell within an exception to the Anti-Injunction Act); *In re Chinese Manufactured Drywall Products Liab. Litig.*, 09-6690, 2011 WL 2313866, at *7 (E.D. La. June 9, 2011), *aff'd* (Jan. 28, 2014) (Fallon, J.) (unpublished).

[75] *See, e.g., New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 386-88 (5th Cir. 2000).

13

generally prohibits federal courts from interfering with proceedings in state court."[76]  Reflected in the Anti-Injunction Act are fundamental principles of federalism. In its 1988 decision in *Chick Kam Choo v. Exxon Corp.*, the Supreme Court explained that "[t]he Act, which has existed in some form since 1793, is a necessary concomitant of the Framers' decision to authorize and Congress' decision to implement, a dual system of federal and state courts" and "represents Congress' considered judgment as to how to balance the tensions inherent in such a system."[77] By preventing federal courts' intervention in state court proceedings, "the Act forestalls 'the inevitable friction between state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.'"[78] Accordingly, "[d]ue in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this [United States Supreme] Court.'"[79]

The text of the statute does recognize three exceptions, which allow a federal court to grant an injunction of a state court proceeding: (1) where an injunction is "expressly authorized by Act of Congress"; (2) where an injunction is "necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments."[80] However, the exceptions are "strictly construed,"[81] and the Supreme Court has "rejected the argument that 'a federal court may enjoin state court proceedings even if that

---

[76] *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005)).

[77] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

[78] *Id.* (quoting *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630–31 (1977) (plurality opinion)).

[79] *Id.* (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)).

[80] 28 U.S.C. § 2283.

[81] *Health Net, Inc.*, 534 F.3d at 493.

action cannot be justified by any of the three exceptions.'"[82] Rather, "the Anti-Injunction Act 'is an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of the three specifically defined exceptions.'"[83]

In this case, Cheneau seeks an injunction enjoining foreclosure proceedings in the 24th Judicial District Court for the Parish of Jefferson, Louisiana. Generally, pursuant to the Anti-Injunction Act, the Court "may not grant an injunction to stay proceedings in a State court,"[84] and thus, the question becomes whether one of the three exceptions specified in the Anti-Injunction Act applies.

First, a federal court may enjoin a state court proceeding where an injunction is "expressly authorized by Act of Congress."[85] Plaintiff (who has not responded to Bank of America's opposition memorandum) has not pointed to any such express authorization, and based on a review of the case law, it appears no such statutory authorization exists. For example, in *Phillips v. Charles Schreiner Bank*, the Fifth Circuit held that the Anti-Injunction Act precludes a stay of state court mortgage proceedings,[86] and numerous other federal courts have reached the same conclusion.[87]

---

[82] *Id.* at 494 (quoting *Atl. Coast Line R.R.*, 398 U.S. at 286–87).

[83] *Id.* (quoting *Atl. Coast Line R.R.*, 398 U.S. at 286).

[84] 28 U.S.C. § 2283.

[85] *Id.*

[86] *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990) (directing the district court to "vacate that portion of its order proscribing foreclosures and actions in other courts").

[87] *See, e.g.*, *Allen*, 2013 WL 6174680 (determining that "[n]one of the [Anti-Injunction] Act's exceptions even arguably apply" to plaintiffs' motion for an injunction staying state-court foreclosure proceedings); *Muhammad v. Bank of Am.*, No. 06-163, 2006 WL 1653129, at *1 (D. Del. June 12, 2006) (concluding that "§ 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in state courts"); *Nixon v. Individual Head of St. Joseph Mortg. Co., Inc.*, 612 F. Supp. 253, 255 (N.D. Ind. 1985) (citing the Anti-Injunction Act and concluding that "this court does not have the power to stay state court mortgage foreclosure proceedings")

Next, a federal court may enjoin a state court proceeding where an injunction is "necessary in aid of its jurisdiction."[88] "In cases decided under this exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case."[89] In an *in rem* action, the "property alone [is] treated as responsible for the claims asserted by . . . the plaintiffs. The property itself . . . is the defendant . . . and its forfeiture or sale is sought for the wrong . . . ."[90] In contrast, an *in personam* action "determines a defendant's personal rights and liabilities."[91] In this case, Cheneau's request for a preliminary injunction relates to a foreclosure on a mortgage securing real property. However, in *Phillips*, the Fifth Circuit explained that "the mere fact that debts secured by real property are at issue in the dispute does not transform it into an *in rem* proceeding."[92] Furthermore, the Court notes that this case, unlike a school desegregation case, does not involve superintendence by a federal court. Accordingly, this exception to the Anti-Injunction Act does not apply.

The final exception enables a federal court to grant an injunction "to protect or effectuate its judgments."[93] Commonly referred to as the "relitigation exception," this provision "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and

---

[88] 28 U.S.C. § 2283.

[89] *Tex. v. United States*, 837 F.2d at 186 n.4 (internal citation omitted); *see also Phillips*, 894 F.2d at 132 (citing *Tex. v. United States*).

[90] *Phillips*, 894 at 132 (second, third, fourth, and fifth alterations in original).

[91] *Id.*

[92] *Id.*

[93] 28 U.S.C. § 2283.

decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel."[94] In order for this exception to apply, there must be a final judgment in the federal proceeding.[95] In this case, there has been no final judgment by this federal Court, and thus, the relitigation exception is inapplicable.

In her motion, Cheneau requests an injunction staying foreclosure proceedings in the 24th Judicial District Court for the Parish of Jefferson, Louisiana. Pursuant to the Anti-Injunction Act, however, the Court "may not grant an injunction to stay proceedings in State court" unless one of three, strictly construed exceptions apply. In this case, an injunction is not authorized by an Act of Congress, is not necessary in aid of the Court's jurisdiction, and is not necessary to protect or effectuate the Court's judgments. Accordingly, the Court need not determine whether Cheneau has

---

[94] *Chick Kam Choo*, 486 U.S. at 147.

[95] *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 323 (5th Cir. 2005) ("Therefore, '[b]ecause finality is central to the concept[ ] of . . . collateral estoppel, which animate[s] the Anti–Injunction Act, . . . a lack of finality is also fatal to a request for an injunction under the Act.' In other words, an order that 'is not a final judgment, and therefore is not appealable as a matter of right . . . lacks sufficient finality to be entitled to preclusive effect' under the relitigation exception." (quoting *J.R. Clearwater, Inc.*, 93 F.3d at 179) (alternations in original)).

carried her burden with respect to the four elements required for issuance of a preliminary injunction.[96]

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Preliminary Injunction"[97] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___27th___ day of January, 2015.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[96] *See United States v. Billingsley*, 615 F.3d 404, 411 (5th Cir. 2010).

[97] Rec. Doc. 28.