UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUINTINA CHENEAU | CIVIL ACTION |
| VERSUS | NO. 14-0384 |
| BANK OF AMERICA NA, et al. | SECTION: "G"(4) |

### ORDER

Before the Court is Plaintiff Quintina Cheneau's request for a Temporary Restraining Order."[1] Upon review of Plaintiff's motion and supporting memoranda and Defendant Bank of America NA's opposition,[2] the Court hereby denies Plaintiff's request for a temporary restraining order.

Federal Rule of Civil Procedure Rule 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. A party requesting a temporary restraining order must "clearly show" four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[3] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[4] the petitioner must "clearly carr[y] the burden of persuasion on all four

---

[1] Rec. Doc. 66.

[2] Rec. Doc. 68.

[3] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[4] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007)

elements."[5] If Plaintiffs fail to carry their burden as to any one of these factors, injunctive relief cannot be granted.[6]

Here, Plaintiff is requesting this Court enjoin a Louisiana state court from foreclosing on her property pursuant to executory process.[7] The Anti-Injunction Act states that a federal court "may not grant an injunction to stay proceedings in a State court" unless one of three exceptions applies.[8] First, a federal court may enjoin a state court proceeding where an injunction is "expressly authorized by Act of Congress."[9] Next, a federal court may enjoin a state court proceeding where an injunction is "necessary in aid of its jurisdiction."[10] The final exception enables a federal court to grant an injunction "to protect or effectuate its judgments."[11] The exceptions to the Anti-Injunction Act do not apply here.[12] Accordingly, Plaintiff's request for a temporary restraining order is denied.

Although Plaintiff also requests a preliminary injunction in this matter, the Court has already denied Plaintiff's request for a preliminary injunction.[13] Plaintiff raises no new issues here, nor presents grounds for reconsideration. Therefore, Plaintiff's request for a preliminary injunction is

---

[5] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

[6] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[7] Rec. Doc. 66.

[8] 28 U.S.C. § 2283.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 62.

[13] *Id.*

also denied.[14] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for a Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a preliminary injunction is also **DENIED** for the reasons stated in this Court's prior Order.[15]

**NEW ORLEANS, LOUISIANA**, this 9th day of October, 2015.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[14] *Id.* Again, Plaintiff asks the Court to enjoin a state court proceeding. *See* Rec. Doc. 66. For the reasons stated in its prior Order, this the Anti-Injunction Act prohibits this Court from doing so. *See* Rec. Doc. 62.

[15] Rec. Doc. 62.