UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| QUINTINA CHENEAU, | * | CIVIL ACTION NO.: 14-CV-384 |
| | * | |
| Plaintiff, | * | SECTION G |
| | * | |
| v. | * | MAGISTRATE 4 |
| | * | |
| BANK OF AMERICA, N.A., et. al. | * | |
| | * | |
| Defendants. | * | |

## JOINT STATUS REPORT

Plaintiff Quintana Cheneau ("Plaintiff") and Defendant Bank of America, N.A. ("BANA" or "Defendant"), pursuant to this Court's October 26, 2015 Scheduling Order (Doc. #71), respectfully submit the following joint status report:

### I. PARTIES

Plaintiff Quintina Cheneau is appearing *pro se* and Defendant Bank of America, N.A. is represented by Avery Simmons of Bradley Arant Boult Cummings, LLP.

### II. CURRENT PROCEEDINGS

There are not currently any pending motions in this action; however, BANA does plan on refiling a motion for summary judgment in the near future.

### III. TRIAL

On October 26, 2015, the Court filed a Scheduling Order setting a pre-trial conference for May 4, 2016 (Dkt. 71). Similarly, on October 27, 2015, the Court filed an Order setting a settlement conference for April 7, 2016, with a jury trial to commence on May 23, 2016 (Dkt. 72). Trial is estimated to last 2 to 3 days.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a default under a $243,000.00 adjustable rate promissory note executed by Plaintiff on July 27, 2005. The Note was secured by a mortgage executed by Plaintiff and Cornell Platt that encumbered certain immovable property located at 6 Lake Bernard Court, Harvey, Louisiana 70058 ("Property"). BANA moved to foreclose on the Property on March 18, 2013, via Louisiana's executory process, in case number 724924 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson (the "State Court Action"). The court in the State Court Action issued a Writ of Seizure and Sale on March 26, 2013. Plaintiff made several attempts to stall the foreclosure sale, including raising many of the same arguments she now makes in this action related to the default and the amount of the indebtedness. The state court found the foreclosure to be valid, and ordered the sale of the Property in the State Court Action to occur on November 4, 2015; however, Plaintiff filed bankruptcy and the sale is currently on hold pending resolution of that bankruptcy proceeding.

Plaintiff filed this action on February 20, 2014, alleging claims for violation of the Fair Debt Collections Practices Act ("FDCPA"); Truth in Lending Act ("TILA"); breach of contract; and violation of certain New York Trust law. (Dkt. 1). Plaintiff then filed an amended complaint on March 7, 2014, adding claims for negligence and declaratory relief, and dropping the claim under New York Trust law.

Plaintiff expressly contends the following:

- On April 22, 2015, a TILA rescission was mailed to BANA, and Crouch and Ramey. Plaintiff further contends that the rescission was effective when mailed, by operation of law, and that therefore at this moment the note and mortgage are void. And, since BANA, did not file to change anything

within the 20 days for compliance, Plaintiff alleges that BANA can't attack the rescission, so it is permanent. And more importantly they no longer have standing to challenge the rescission because their standing was based upon the note and mortgage which are now void instruments;

- Plaintiff alleges that BANA would need to file an action (lawsuit) seeking to vacate the rescission BEFORE the expiration of 20 days from receipt of rescission. The party upon whose behalf the action is filed MUST be a CREDITOR in the true sense of the word — not some party holding void instruments, like the note and mortgage;

- Plaintiff alleges that until we entered the world of fake securitization, banks would always look for ways to work out the loan rather than foreclose. Defendant's entire business plan is to create opportunities for foreclosure by submitting their self-serving paperwork that was more than likely fabricated and forged. Defendant's position is contrary to the rule of law;

- Defendant's threat to refile a motion for summary judgement has no legal basis because there are discovery obligations that have not been fulfilled.

- As a consumer, Plaintiff alleges that she has a countervailing interest in avoiding wrongful foreclosure. She further contends that this matter is outside of the state court's jurisdiction and it is a solely in the jurisdiction of the federal courts;

- Plaintiff also contends that once the loan is rescinded, the security interest or lien becomes automatically void, by operation of law. 15 USC §1635(b); Reg Z §§226.15(d)(1), 226.23(d)(1). The note also is voided. The lender's

        interest in the property is "automatically negated, regardless of its status and whether or not it was recorded or perfected.";

- Plaintiff further contends that she is entitled to damages because Defendant BANA continues to taunt her and send people to her Property and she has a two minute video as proof of harassment. That video was taken on December 27, 2015 and Plaintiff contends that it shows BANA taking pictures of her home in an attempt to stress her out;

- Plaintiff contends that BANA is liable for defamation of character for alleging that she fabricated her stroke; and

- Finally, Plaintiff contends that she has suffered serious mental anguish and grief and that BANA is liable for same for failure to recognize her TILA rescission.

In response, and contrary to Plaintiff's allegations, BANA contends:

- That its foreclosure was proper and that it correctly accelerated the note and mortgage consistent with paragraph 22 of the mortgage (and can demonstrate same);

- BANA further contends that it complied with all legal requirements under TILA in responding to the qualified written request, and that the debt was correctly stated and managed under FDCPA and TILA. BANA can demonstrate that it mailed its response to the above identified qualified written request within the timelines provided by applicable law;

- Contrary to the position Plaintiff outlines above, the rescission request was not proper and was of no effect under the applicable provisions of TILA;

- In addition, Plaintiff's arguments regarding securitization are not founded, and are of no effect. Based on the allegations of the amended complaint, BANA does not believe that Plaintiff has stated a valid claim under any law, much less New York trust law;

- Further, BANA contends that this Court is not the proper venue in which to challenge the state court foreclosure action, as the foreclosure was already found to be valid under state law and this Court is without jurisdiction to enjoin a pending state court action;

- Plaintiff cannot maintain an action for defamation of character; and

- BANA further asserts that Plaintiff is not entitled to any of the requested relief, including her asserted medical damages, and BANA plans on filing a motion for summary judgment as to same.

## V. DISCOVERY TO BE COMPLETED

At this time, Plaintiff has indicated that she would like to engage in discovery, but has not identified same.

BANA anticipates a potential deposition of Plaintiff and/or an initial round of requests for admissions and/or document requests. In addition, as Plaintiff has raised certain medical conditions as a measure of her damages, BANA may seek medical records and/or bills relating to same.

## VI. SETTLEMENT NEGOTIATIONS

To date, there have not been any formal settlement discussions between the parties. Plaintiff did apply for a loan modification in July 2015; however, despite several repeated requests and timeline extensions, Plaintiff has not provided BANA with all the needed paperwork in order to complete an evaluation and BANA has been unable to reach a decision on the modification.

Respectfully submitted this 4th day of January, 2016.

| | |
|---|---|
| /s/ Avery A. Simmons | /s/ Quintana Cheneau |
| Avery A. Simmons (Louisiana Bar Roll No. 32942) | Quintana Cheneau |
| BRADLEY ARANT BOULT CUMMINGS, LLP | 290 MLK Jr Drive, Suite 104 |
| Bank of America Corporate Center | Atlanta, Georgia 30312 |
| 100 N. Tryon Street, Suite 2690 | |
| Charlotte, NC 28202 | |
| Telephone: (704) 338-6000 | |
| Facsimile: (704) 332-8858 | |
| asimmons@babc.com | |

*Attorneys for Defendant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2016, I electronically filed with the Clerk of Court a true copy of the foregoing **JOINT STATUS REPORT** using the CM/ECF system which will send notification of such filling to all parties. A true and accurate copy has been placed in U.S. Mail, first-class, postage prepaid to the following parties as listed below:

Quintana Cheneau
290 MLK Jr Drive, Suite 104
Atlanta, Georgia 30312

/s/ Avery A. Simmons